IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT COLON,**<br><br>Plaintiff,<br><br>v.<br><br>**UNIVERSAL GROUP, INC.**<br><br>Defendant. | **Civil No. 23-1589** |

NOTICE OF REMOVAL

**TO THE HONORABLE COURT:**

**Universal Group Inc.** (hereinafter, "Universal" or "Defendant"), invoking this court's federal-question jurisdiction, 28 U.S.C. §§ 1331 and 1441, respectfully informs that it has removed to this district the civil claim styled: Faustino Xavier Betancourt v. Universal Group Inc., Civil No. CG2023CV02810 (hereinafter, the "State Court Action"), filed by plaintiff Faustino Xavier Betancourt ("Plaintiff"). Because the Complaint is based on Defendant's purported violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12188, original jurisdiction lies with this Honorable Court and this timely removal is warranted.

In support of this Notice of Removal, Universal states as follows:

**I.   The grounds for removal in "a short and plain statement."**

**A.   Plaintiff's state court Complaint.**

As asserted by Plaintiff in the State Court Action, the Complaint is based on Universal's purported violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12188 (See Exhibit 1, ¶¶ 19, IIIA-C). As such, from Plaintiff's own allegations in the Complaint, it is evident that this Court has original jurisdiction over the subject matter of the instant case and, thus, is removable to this District Court, as they arise from the laws of the United States. See 28 U.S.C.A. §

1

1331. The Court's original jurisdiction is conceded by Plaintiff in his Complaint. *See* Exhibit 1, ¶¶ 19, IIIA-C of the Complaint.

Therefore, pursuant to 28 U.S.C. § 1441 (a), Universal is entitled to remove the State Court Action to this Honorable Court.

**B.  This notice of removal is both timely and procedurally warranted.**

This notice is timely. The state court Complaint was filed on August 17, 2023. *See* Exhibit 1.[1] On October 26, 2023, Plaintiff served Universal with summons and copy of the complaint. *See* Exhibit 7. Thus, Universal had thirty (30) days from that day to file its Notice of Removal. 28 U.S.C. §1446(b)(1). The 30-day term expires on November 27, 2023. Accordingly, this notice is timely.

Pursuant to 28 U.S.C. §1446 (procedure for removal of civil actions), Universal attaches copy of the following to this Notice of Removal:

**Exhibit 1**- Complaint
**Exhibit 2**- Plaintiff's Motion Requesting Issuance of Summons August 25, 2023
**Exhibit 3**- Plaintiff's Motion Requesting Issuance of Summons September 4, 2023
**Exhibit 4**- Plaintiff's Motion Requesting Issuance of Summons September 13, 2023
**Exhibit 5**- Plaintiff's Motion Requesting Issuance of Summons September 20, 2023
**Exhibit 6**- Summons issued to Universal Group Inc.
**Exhibit 7**- Informative Motion re: Service of Process on Universal Group Inc.
**Exhibit 8**- Notice of First Appearance and Request for Extension of Time
**Exhibit 9**- Docket Report of State Court Action (CG2023CV02810 Docket Information)

These documents (Exhibits 1 through 9) constitute "all process, pleadings and orders" served on Universal to date in the State Court Action. These have been translated to the English language and are included herein.

---

[1] In compliance with 28 U.S.C.A. § 1446(a), Universal hereby attaches certified translations of the complete case file docket for the Complaint filed by Plaintiff in the Court of First Instance of Puerto Rico, Superior Court of Caguas.

In sum, as stated above, removal is timely and procedurally warranted, and as required by 28 U.S.C. §1446 (d), Universal will be promptly filing a copy of the same with the clerk of the Caguas Superior Court and through the Puerto Rico electronic filing system. Written notice of the filing of this notice of removal, furthermore, is also being served on Plaintiff's local-court counsel today.

**C. Because this case, on the face of the Complaint, arises under the laws of the United States, removal is warranted.**

In determining whether an action presents a federal question, "a court is to ask whether the Plaintiff's claim to relief rests upon a federal right, and the court is to look only to Plaintiff's complaint to find the answer." Rosselló-González v. Calderón-Serra, 398 F. 3d 1, 10 (1st Cir. 2005) (citing Hernández-Agosto v. Romero-Barceló, 748 F. 2d 1, 2 (1st Cir. 1984)). Here, the Complaint was filed in state court, but presents a federal claim to relief.

Section 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C.A. § 1441(a)[2]. Under 28 U.S.C. § 1441(a), when a civil action is originally filed in state court, removal is proper only if the action could have initially been brought in federal court. Ortiz-Bonilla v. Federación de Ajedrez de P.R., Inc., 734 F. 3d 28, 34 (1st Cir. 2013). Federal courts have original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case arises under federal law for purposes of removal when the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Rosselló v. Calderón, 398 F.3d 1, 12 (1st Cir.2007).

The proper venue for this action under ADA is the United States District Court for the District of Puerto Rico. This Notice of Removal is timely, as it was filed within thirty (30) days of Universal

---

[2] Section 1332(d) considers that "[t]he Word "States", as used in this section, includes the Territories, the District of Columbia, and the Commonwealth of Puerto Rico." 28 U.S.C.A. § 1332(d).

3

being served with a copy of the Complaint.

As required by 28 U.S.C. §1446, and Rule 11 of the Federal Rules of Civil Procedure, Universal hereby certifies that there are adequate jurisdictional grounds for the removal of the present action, and it has attached herein copies of all pleadings, motions, and processes served upon it in the Spanish language, along with the corresponding certified translations. *See* Exhibits 1-9.

## II.     Non-Waiver of Defenses

By removing the State Court Action from the Commonwealth of Puerto Rico's Court of First Instance, Caguas Superior Court, Universal does not waive any defenses available to it. Furthermore, by removing the State Court Action to federal court, defendant does not admit or concede any of the allegations contained in Plaintiff's Complaint.

## III.     Conclusion and Prayer

Because Plaintiff's claims are based on a federal statute, this notice of removal is warranted. Accordingly, this Honorable Court now has jurisdiction over this action, and may therefore issue all necessary orders and processes to remove this action from the Caguas Superior Court, Puerto Rico, to the United States District Court for the District of Puerto Rico.

**WHEREFORE**, Universal gives notice of the removal of this action, pursuant to section 1441, of Title 28, United States Code, and requests that said cause of action proceed before this Honorable Court as an action properly removed.

**WE HEREBY CERTIFY** that on this date, a true and exact copy of this notice of removal with its exhibits was sent by electronic mail to Plaintiff's legal counsel, José Carlos Vélez Colón, Esq. (jvelez@velezlawgroup.com and vlg@velezlawgroup.com); and, within the next forty-eight (48) hours, Universal will promptly notify a copy of the Notice of Removal with the Court of Puerto Rico, Superior Court of Caguas, using the Unified System of Case Management and Administration ("Sistema Unificado de Manejo y Administración de Casos" a.k.a. "SUMAC").

**RESPECTFULLY SUBMITTED** In San Juan, Puerto Rico, this 22nd day of November, 2023.

*Attorneys for the Universal Group Inc.*



_____

www.CSTLAWPR.com
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434
Fax: (787) 523-3433
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com

*s/JUAN J. CASILLAS AYALA*
USDC PR NO. 218312

*s/DIANA M. BATLLE-BARASORDA*
USDC PR NO. 213103